IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID WOULARD, ATTACK THE SOUND LLC, an Illinois limited liability company, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>UNCHARTED LABS, INC. d/b/a Udio.com and UNKNOWN DEFENDANTS,<br><br>　　　　　　Defendants. | Case No. 25-cv-12613<br><br>District Judge Sara Ellis<br><br>Magistrate Judge Jeannice Appenteng |

**DEFENDANT UNCHARTED LABS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2), OR IN THE ALTERNATIVE, TO DISMISS OR STAY PURSUANT TO THE FIRST-FILED DOCTRINE, OR IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

　　　Defendant Uncharted Labs, Inc. d/b/a Udio ("Udio") respectfully moves (i) to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or (ii) in the alternative, to stay this action or transfer it to the Southern District of New York pursuant to the first-to-file doctrine, or (iii) in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York. In support, Udio submits the accompanying memorandum of law and states as follows:

　　　(1)　This Court lacks personal jurisdiction over Udio, a Delaware corporation with its main operations in New York, and no employees or operations in Illinois; the case should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2);

(2) In the alternative, the case should be dismissed or stayed pursuant to the first-to-file doctrine based on preexisting litigation, *Justice v. Udio*, No. 1-25-cv-5026 (S.D.N.Y.) ("*Justice*"), involving substantially duplicative claims and parties; and

(3) In the alternative, this case should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), as that is, *inter alia*, convenient for the key witnesses and evidence and the location of an overlapping case based on substantially similar allegations.

For all of these reasons, those provided in the accompanying Memorandum in Support, and any further submissions and argument to the Court, Defendant Udio respectfully requests that the Court issue an order:

(1) Dismissing the Complaint in its entirety for lack of personal jurisdiction over Udio pursuant to Federal Rule of Civil Procedure 12(b)(2);

(2) In the alternative, dismissing this lawsuit based on the first-to-file doctrine and the previously-filed *Justice* litigation;

(3) In the alternative, staying this lawsuit based on the first-to-file doctrine for the pendency of the previously-filed *Justice* litigation;

(4) In the alternative, transferring this lawsuit to the Southern District of New York pursuant to 28 U.S.C. § 1404(a); and

(5) Granting all other just relief.

Dated: December 18, 2025

Respectfully submitted,
UNCHARTED LABS, INC.,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro
Bevin Brennan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Dr., Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
andrewschapiro@quinnemanuel.com
bevinbrennan@quinnemanuel.com

*Attorneys for Defendant Uncharted Labs, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 18, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF System, which shall send notification of such filing to all counsel of record.

/s/ *Andrew Schapiro*
Andrew Schapiro