**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID WOULARD, ATTACK THE SOUND LLC, an Illinois limited liability company, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNCHARTED LABS, INC., d/b/a Udio.com. and UNKNOWN DEFENDANTS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Case No. 1:25-cv-12613 <br><br> District Judge Sara L. Ellis <br><br> Magistrate Judge Jeannice W. Appenteng |

**JOINT REVISED INITIAL STATUS REPORT**

1. **The Nature of the Case:**

    A. **Attorneys of record for each party, including the lead trial attorney.**

*For Plaintiffs and Putative Class:*

Ross Kimbarovsky  [ross@loevy.com] (Lead Trial Attorney)
Jon Loevy  [jon@loevy.com]
Michael Kanovitz  [mike@loevy.com]
Matthew Topic  [matt@loevy.com]
Aaron Tucek  [aaron@loevy.com]
LOEVY & LOEVY | 311 North Aberdeen, 3rd Fl. | Chicago, IL 60607 | 312.243.5900 (p)

*For Defendant Uncharted Labs, Inc. d/b/a Udio.com ("Udio"):*

Andrew Schapiro  [andrewschapiro@quinnemanuel.com] (Lead Trial Attorney)
Bevin Brennan [bevinbrennan@quinnemanuel.com]
QUINN EMANUEL URQUHART & SULLIVAN LLP | 191 N. Wacker Drive, Suite
2700 | Chicago, Illinois 60606 | (312) 705-7400 (p)

    B. **Nature of the claims:** Plaintiffs (independent musicians and songwriters) allege

that Defendant Uncharted Labs, Inc. d/b/a Udio.com ("Udio"), built and operates a generative-AI

music platform by copying and storing Plaintiffs' and putative class members' copyrighted sound

recordings and musical compositions (including lyrics) without authorization, and using those

copies to train and operate models that generate competing music. Plaintiffs assert claims under

the Copyright Act (including direct and secondary infringement) and the Digital Millennium

Copyright Act, including anti-circumvention claims under 17 U.S.C. § 1201 and copyright-

management-information claims under 17 U.S.C. § 1202, as well as related Illinois-law claims

(including Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq.; the Illinois

Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 et seq.; the Illinois Uniform Deceptive Trade

Practices Act ("UDTPA"), 815 ILCS 510/1 et seq., and unjust enrichment). Plaintiffs also name

Unknown Defendants alleged to have assisted in acquiring/supplying copyrighted recordings for

Udio's training data. No counterclaims or third-party claims have been filed as of the date of this report.

### C. Briefly identify the major legal and factual issues in the case.

*Major legal issues include:* (1) whether Udio's alleged copying, retention, and use of copyrighted sound recordings and musical compositions/lyrics in its training and model-operation pipelines violates the Copyright Act, and the availability/scope of defenses such as fair use; (2) whether Udio violated the DMCA, including §1201 (circumvention/trafficking) and §1202 (removal/alteration or provision of false copyright-management information); (3) secondary liability (contributory/vicarious) for downstream infringement; (4) whether Udio's alleged conduct violates Illinois BIPA, IRPA, and UDTPA and whether any preemption/other defenses apply; and (5) class certification requirements under Rule 23.

Udio denies that it has violated any of the statutes listed above and intends to assert numerous defenses at an appropriate time, including but not limited to defenses such as a failure to allege any facts to state any of these claims, the preemption of the state law claims by the federal Copyright Act, that the doctrine of fair use doctrine bars Plaintiffs' copyright claims and that no class can be certified.

*Major factual issues include:* (1) the sources, scope, and provenance of Udio's training/validation corpora and whether they include Plaintiffs' works; (2) the nature and extent of copying, storage, processing, and reuse (including any distribution to vendors/partners); (3) whether and how access controls were circumvented and CMI removed/altered; (4) whether biometric identifiers/voiceprints were collected, stored, or exploited; (5) damages, market harm, and the scope of appropriate injunctive relief, (6) whether Plaintiffs have obtained valid copyright registrations for the copyrighted works asserted in the case; (7) whether Plaintiffs have valid chain

of title to the copyrighted works asserted in the case; (8) whether there is a substantial similarity between Plaintiffs' asserted copyrighted works and accused output from Udio's service; and (9) whether Udio's use of Plaintiffs' copyrighted works, if any, constitutes fair use under 17 U.S.C. § 107.

> **D.      State the relief sought by any of the parties.**

Plaintiffs seek class certification and judgment on their claims; declaratory relief; preliminary and permanent injunctive relief (including orders halting alleged infringement and DMCA violations, requiring deletion/impoundment of infringing copies and related materials as appropriate, and requiring compliance with CMI and anti-circumvention obligations); injunctive and statutory relief under Illinois law; statutory damages where available, and otherwise actual damages and disgorgement of profits; attorneys' fees and costs; and such other legal and equitable relief as the Court deems proper. Udio denies that Plaintiffs are entitled to any relief and requests judgment in its favor of all of Plaintiffs' claims.

2.      **Jurisdiction:** Udio intends to contest that this Court has personal jurisdiction over it and/or is the proper forum for this action.  Udio makes these objections here and does not waive any objection it has regarding jurisdiction or whether this Court is the proper forum.

> **A.   Federal statutes on which federal question jurisdiction is based.**

This civil action seeks damages and injunctive relief for alleged copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq., removal or alteration of copyright management information, and circumvention of technological measures under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201–1202.

Plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1332(a)(2) and the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Udio does not agree at this point that CAFA

provides jurisdiction over this case and, should it be necessary, reserves all rights to contest that any class should be certified and, in the alternative, that any class would provide jurisdiction in this Court pursuant to CAFA.

### B. Diversity or supplemental jurisdiction:

(1)     *Amount in controversy:* Over $5,000,000, exclusive of interest and costs.

(2)     *State of citizenship of each named party.*

Plaintiffs David Woulard, Attack the Sound LLC, Stan Burjek, Dan Burjek, Berk Ergoz, Hamza Jilani, Maatkara Wilson, and Arjun Singh are domiciled in, and citizens of Illinois. Plaintiff Magnus Fiennes is domiciled in and a citizen of California. Plaintiff Michael Mell is domiciled in and a citizen of Georgia.

Defendant Uncharted Labs, Inc. d/b/a Udio is a Delaware corporation with its principal place of business in New York.

Plaintiffs allege that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' and the Classes' state-law claims because those claims are so related to the federal claims that they form part of the same case or controversy under Article III. Plaintiffs allege that the state-law claims arise from the same nucleus of operative facts as the federal copyright and DMCA claims, namely Defendants' acquisition, copying, ingestion, training, commercialization, and biometric exploitation of Plaintiffs' and class members' recordings, lyrics, identities, and voiceprints. Plaintiffs allege that exercising supplemental jurisdiction promotes judicial economy, convenience, and fairness to the parties.

Udio does not contest that Plaintiffs' state law claims are subject to the supplemental jurisdiction of the Court at this time. However, Udio contends that Plaintiffs' state law claims are

preempted by the Copyright Act. Udio reserves its right to revisit this position as appropriate as the case progresses.

3. **Status of Service:** Udio was served. Unknown Defendants have not.

4. **Consent to Proceed Before a United States Magistrate Judge:**

The Parties do not unanimously consent to proceed before a Magistrate Judge.

5. **Motions:**

    A. **Pending motions:** None.

    B. **Anticipated response to the complaint:** Motion.

In accordance with the Court's January 15, 2026 Order (Dkt. No. 26), the parties submit the following briefing schedule on Udio's upcoming motion to dismiss:

Plaintiffs' Response:    Due by March 6, 2026.

Udio's Reply:    Due by April 3, 2026.

The parties also jointly request that the Court allow them 25 pages for Udio's opening motion to dismiss and 25 pages for Plaintiffs' response.

6. **Case Plan:**

    A. *Plaintiffs' Position:* Plaintiffs oppose any stay of discovery. A stay would not meaningfully simplify the issues or reduce the overall burden of litigation – it would prejudice Plaintiffs and the putative class by delaying relief while Udio's alleged misconduct continues and increasing the risk of lost third-party records and fading witness recollections. This Court's procedures note that "the pendency of a motion, such as a motion to dismiss, does not—absent court order—operate as a stay of discovery." Udio has not shown good cause for such an order: its anticipated personal-jurisdiction and first-filed/transfer arguments are not certain to dispose of this case, and even a transfer to the U.S. District Court for the Southern District of New York would

5

not eliminate discovery. Plaintiffs' detailed amended allegations on personal jurisdiction and venue reflect pre-suit investigation, not that all evidence is in hand; key information remains in Udio's and third parties' control. Plaintiffs stand on their allegations as sufficient for pleading purposes but reserve the right to seek targeted discovery, including as needed to address factual issues raised by Udio's motion. In particular, discovery may uncover additional contacts supporting personal jurisdiction, corroborate the alleged misconduct, and illuminate class-wide impact – information that lies in Defendant's or third parties' exclusive control. Plaintiffs should not be penalized for pleading their case thoroughly by being denied the opportunity to gather supporting proof. Plaintiffs propose that within 21 days after Udio files its motion in response to the First Amended Complaint, the Parties submit a proposed discovery schedule.

*Udio's Position:* By its forthcoming motion in response to the Complaint, Udio intends to raise numerous legal issues with respect to Plaintiffs' claims, including: (i) personal jurisdiction; (ii) in the alternative, a dismissal or stay this action in light of a first-filed similar case pending in the Southern District of New York; and/or (iii) in the alternative, a transfer this case to the Southern District of New York. In the First Amended Complaint, Plaintiffs have added 64 subparagraphs of the alleged bases for this Court to exercise personal jurisdiction over Udio. (First Amended Complaint ¶ 45.) Plaintiffs therefore have sufficient information regarding Udio and its operations to make its allegations regarding personal jurisdiction without discovery. Plaintiffs had the chance to review Udio's original motion to dismiss and to determine whether it needed discovery, which it could have sought from the Court. Plaintiffs opted not to seek discovery to address Udio's motion to dismiss, instead opting to file an amended complaint. Plaintiffs should not be allowed to opt to amend its complaint to add jurisdictional allegations and still reserve its right to discovery. Udio has incurred expenses drafting a new motion to dismiss, and Plaintiffs' "tails I win, heads

6

you lose" approach to "reserve" the right to seek discovery on the jurisdictional issues at this point should be rejected. Nor do Plaintiffs' arguments for allowing discovery to proceed as a general matter succeed. There is no reason to allow a plaintiff to engage in discovery where the Court lacks jurisdiction over the defendant in the case. In addition, as Plaintiffs recognize, Udio seeks dismissal, or in the alternative for transfer to the Southern District of New York, because there is already an overlapping class action proceeding in that court, which already protects Plaintiffs' interests. (Dkt. No. 20 at 7-15.) Principles of judicial economy militate for discovery to proceed, if at all, in the single, first-filed forum – not here. For these reasons, Udio submits that discovery should be stayed while the Court addresses these and any other deficiencies with the Complaint, as it previously ordered for Udio's prior motion to dismiss. (Dkt. No. 18 ("The Court stays discovery pending ruling on Defendant's motion to dismiss.").)

**B. With respect to trial, indicate the following:**

(1) *Whether a jury trial is requested:* Yes

(2) *The probable length of trial:* 80 to 120 hours.

**7. Status of Settlement Discussions:** No settlement discussions have occurred; the Parties do not request a settlement conference.

Respectfully submitted,

Dated: February 4, 2026

*/s/* Ross Kimbarovsky                          */s/* Andrew Shapiro

_____        _____

Ross Kimbarovsky (6229590)                    Andrew Schapiro
ross@loevy.com                                        Bevin Brennan
Jon Loevy (6218524)                               191 N. Wacker Drive, Suite 2700

jon@loevy.com
Michael Kanovitz (6275233)
mike@loevy.com
Matthew Topic (6290923)
matt@loevy.com
Aaron Tucek   (98624)
aaron@loevy.com
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900 (phone)
312.243.5902 (fax)

*Attorneys for Plaintiffs David Woulard,
Attack the Sound LLC, Stan Burjek, James
Burjek, Berk Ergoz, Hamza Jilani, Maatkara
Wilson, Arjun Singh, Magnus Fiennes, and
Michael Mell.*

Chicago, Illinois 60606
Telephone: (312) 705-7400
andrewschapiro@quinnemanuel.com
bevinbrennan@quinnemanuel.com

*Attorneys for Defendant Uncharted Labs, Inc.
d/b/a Udio*